RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _9/25/14_

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

RAS RAHIM (#54889-019)

VERSUS

USA

DOCKET NO. 14-CV-2503, SEC. P

JUDGE DRELL

MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se Petitioner Ras Rahim, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks his conviction and sentence imposed in the United States District Court for the Northern District of Georgia.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

In 2004, Petitioner was convicted of armed bank robbery, use of a firearm during the robbery, carjacking, and use of a firearm during the carjacking. See U.S. v. Rahim, 431 F.3d 753 (11th Cir. 2005). The district court imposed concurrent sentences of 97 months of imprisonment for the bank robbery and carjacking convictions, to run consecutively with a term of 84 months of imprisonment for the first firearms charge and a term of 300 months of imprisonment for the second firearms charge. Id. at 756.

Petitioner's conviction and sentence were affirmed on appeal.  Id.

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. §2255 on April 3, 2007, raising several claims of ineffective assistance of counsel.  [Docket No. 4:03-cr-0045 N.D.Ga.; Doc.#85]  The motion was denied on May 30, 2007 [Doc. #93].  On October 28, 2010, Petitioner filed another motion to correct an illegal sentence.  [4:03-cr-0045 N.D.Ga.; Doc. #102]  The district court determined that the motion was an impermissible second or successive §2255 motion, and dismissed for lack of jurisdiction.  Petitioner moved for certificate of appealability in the Eleventh Circuit Court of Appeals.  The appellate court denied COA because Petitioner failed to show that reasonable jurists would find debatable the merits of the underlying claim and the procedural issues that Rahim sought to raise.  [4:03-cr-0045 N.D.Ga.; Doc.#114]

### Law and Analysis

In this case, Petitioner is attempting to collaterally attack his conviction and sentence, claiming that they are illegal under the prohibition of slavery and under the "Take Care Clause" of the Constitution.  A collateral attack of a conviction or sentence should be raised in a motion to correct, vacate or set aside sentence under 28 U.S.C. §2255. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).

Title 28 U.S.C. §2241 is generally used by prisoners to attack

2

the *manner* in which a sentence is carried out, or to challenge the prison authorities' determination of the duration of the sentence. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  Petitioner is not challenging the *execution* of his sentence or calculation of his sentence.   Instead he complains of errors that allegedly occurred at or before sentencing, which should be raised in a §2255 motion.

Petitioner has already had a 2255 motion adjudicated on the merits.  Section 2255(h) provides that in order to file a second or successive Section 2255 motion, a prisoner must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h).  *Such a determination must be made by a three-judge panel of the court of appeals before the successive motion is filed in federal district court*.   Petitioner has not obtained permission from the appropriate Court of Appeals to file a successive 2255 motion.

A petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 is not a substitute for a motion to vacate. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001), cert.

denied, 534 U.S. 1001 (2001).   A prisoner may use Section 2241 as the vehicle for attacking his conviction **if** it appears that the remedy provided by Section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255.   The burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner.   See Jeffers, 253 F.3d at 830.   A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make Section 2255 inadequate or ineffective.

To show that the remedy under §2255 is inadequate or ineffective, Petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." Id. at 903. Petitioner does not identify any retroactively applicable decision establishing that he was convicted of a non-existent offense.

Petitioner cannot demonstrate that §2255 is inadequate or

ineffective, and before proceeding with a successive petition, he must seek permission from the appropriate court of appeals.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 25th day of September, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6